BENJAMIN CLARK, PROSECUTOR, v. THE COMMISSIONERS OF FIRE DISTRICT NO. 5, IN THE TOWNSHIP OF WOODRIDGE, A CORPORATION; WILLIAM ALLGAIER AND THOMAS THOMPSON, SR., RESPONDENTS.

Argued January term, 1928—Decided July 10, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Thomas Brown.*

For the respondent fire district, *Henry St. C. Lavin.*

For the respondent William Allgaier, *David T. Wilentz.*

PER CURIAM.

The Commissioners of Fire District Number 5, in the township of Woodridge, county of Middlesex, by resolution adopted at a meeting on April 11th, 1912, organized pursuant to the provisions of 2 *Comp. Stat., p.* 2424. The prosecutor is a property owner and taxpayer of the township. The commissioners, by resolution duly passed, appropriated $2,000 for purchasing lots on Avenel street between the Pennsylvania railroad and St. George avenue, for the purpose of building a new firehouse thereon. The matter was submitted by referendum to the legal voters of the district at an election on February 20th, 1926, under a resolution passed for that purpose. The election resulted in favor of authorizing the commissioners to issue bonds in the sum of $2,000 to purchase the land, which they subsequently leased to respondent Thompson. Thereafter the commissioners caused an election to be held on the 18th of September, 1926, whereat a resolution was submitted to the legal voters of the fire district, providing that the fire commissioners be authorized to contract for the erection of a firehouse on the property recently purchased at a cost not to exceed $20,000, the building to be financed by the issuance of bonds to be paid off at the rate of $1,000 a year. The result of the election was that the voters refused to authorize the issuance of the bonds, and the proposal was lost.

An attempt was made to call another election for the same purpose for the issuance of $12,000 or $16,000 of bonds, but this meeting, under legal advice, was not held. On the 18th of May, 1927, a special meeting of the commissioners was called for the purpose of discussion of the building of a firehouse. It was moved and carried that the board take action and erect a firehouse on the present property at a cost not to exceed $16,000. It was also moved and carried that an architect, Mr. Tiffany, be interviewed for the purpose, and that the board have an open competition on bids for the

erection of the firehouse, the board reserving the right to reject any and all bids.

At the next meeting of the commissioners, the proposition now before the court eventuating in a resolution, was carried. The proposal was as follows: "That the property purchased by the commissioners under the referendum be leased to the respondent Thompson for a period of ninety-nine years at an annual rent of one dollar, upon the condition that the said Thompson will erect a building thereon suitable for use as a firehouse, and will likewise enter into a lease with the fire commissioners for a long term of years at an annual rent not to exceed $6,000, and upon further condition that Thompson will include in the lease an option to purchase the building and cancel the lease upon payment by the fire commissioners of the cost of the building, together with the necessary expenses connected with the building." Thompson was also to have the privilege of using and renting part of the premises for his own private purposes. Pursuant to this resolution the commissioners entered into a lease with Thompson and after the execution of the lease Thompson engaged the respondent Allgaier to erect a building on the land. Both of said parties obtained a building permit from the building inspector of the town of Woodridge authorizing them to erect a building for garage and lodge rooms. The erection of the building commenced on the 28th of July, 1927, and thereafter the prosecutor in this case obtained a writ of *certiorari* which presents these facts to the court.

Several reasons are advanced presenting the alleged illegality of these proceedings. The effect of all of them, however, is the general allegation that the entire proceedings were *ultra vires,* beyond the power and authority of the commissioners to undertake, and an open abuse of their power.

It would seem unnecessary under the facts and circumstances as outlined here to enter into a discussion for the purpose of showing the legal invalidity of this scheme. It must suffice for the purposes of this case to say that we find no power vested in the fire commissioners of the fire district to undertake any such proceeding as they have here pro-

posed, as the same is clearly without any warrant in law and against public policy. *McGovern* v. *The Board of Public Works,* 57 *N. J. L.* 580; *Hoboken* v. *Phinny,* 29 *Id.* 65.

It is attempted to justify the position of Allgaier and Thompson in the matter by alleging laches upon the part of the prosecutor, but neither of these parties is in a position to complain upon that theory. The resolution itself being void and *ultra vires,* neither Thompson nor Allgaier can derive any right therefrom to assert against the legal prosecutor. They are both chargeable with knowledge of the invalidity and illegality of the resolution. *Demarest* v. *New Barbadoes,* 40 *N. J. L.* 604.

We think, under the circumstances, that the prosecutor in this case acted with reasonable dispatch in the effort to test the legality of this procedure, and neither Thompson nor Allgaier is in a position to complain, so far as the prosecutor and the other taxpayers are concerned, in their effort to set aside the resolution. The result is that the resolution in question will be set aside, with costs.